AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
District of Nebraska

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.   8:26MJ261 |
| | ) | |
| ADOLFO GARCIA-LUNA | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ June 3, 2026 _____ in the county of _____ Douglas _____ in the _____ District of _____ Nebraska _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Reentry |

This criminal complaint is based on these facts:

See attached affidavit

☑ Continued on the attached sheet.

_____
#8389  D.O.
*Complainant's signature*

Anthony P. Gayden, ERO  Deportation Officer
*Printed name and title*

☐ Sworn to before me and signed in my presence.

☑ Sworn to before me by telephone or other reliable electronic means.

Date:  6/16/2026

_____
*Judge's signature*

City and state:        Omaha, Nebraska          RYAN C. CARSON, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF INVESTIGATION | ) | |
| OF ADOLFO GARCIA-LUNA | ) | AFFIDAVIT OF Anthony P. Gayden |
| | ) | |

Anthony P. Gayden, being first duly sworn, hereby states that:

1.  Your Affiant is a Deportation Officer for the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), with over sixteen (16) years of federal law enforcement experience, duly appointed according to law and at the time of the events herein was acting in his official capacity.

2.  Your Affiant was previously an Immigration Enforcement Agent within ICE that was promoted to a Deportation Officer in 2016.  In that capacity your Affiant has had occasion to conduct numerous investigations relating to administrative and criminal violations of the Immigration and Nationality Act (INA).

3.  Deportation Officers are empowered to interrogate and arrest with or without warrant, any person believed to be an alien in the United States in violation of law, pursuant to Section 287 of the Immigration and Nationality Act (INA) (8 U.S.C. § 1357). This Affidavit is based upon your Affiant's personal knowledge and information provided to him by other law enforcement officers involved in this investigation.

4.  This affidavit is being made in support of a criminal complaint and arrest warrant charging Adolfo GARCIA-Luna with violations of 8 U.S.C. § 1326(a), reentry of removed aliens.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not purport to set forth all of my knowledge or investigation into this matter.

5.  Adolfo GARCIA-Luna came to the attention of ICE ERO Omaha officers on March 21, 2026, while searching the booking records at the Sarpy County, NE jail. GARCIA-Luna was charged with DUI, jailed by local police, and was fingerprinted during the incident.

6.  The FBI number generated from the local arrest matched a prior immigration removal within ICE systems. Records checks showed GARCIA-Luna had previously been ordered removed from the U.S. and was physically removed to Mexico. No record of lawful reentry into the U.S. was found.

7.  GARCIA-Luna's vehicle was located at his home address of 8923 Cuming St. in Omaha Nebraska. ICE officers encountered GARCIA-Luna via a vehicle stop soon after he left his home on June 3, 2026. GARCIA-Luna was arrested without incident. When arrested by ICE, GARCIA-Luna had in his wallet a fraudulent Lawful Permanent Resident card, and a fraudulent U.S. Social Security Card and was wearing his employment clothing, showing he is employed at Jams American Grill in Omaha Nebraska.

8.  GARCIA-Luna was transported to the Omaha ICE ERO office for processing. At the ICE ERO office, biometric checks of GARCIA-Luna's fingerprints confirmed his identity.

9.  GARCIA-Luna's fingerprints were scanned and submitted into the FBI's Integrated Automated Fingerprint Identification System (IAFIS).  The IAFIS system compared his current fingerprint impressions to fingerprint impressions maintained in the database relating to persons who

1

previously had been arrested by DHS or other law enforcement agencies. This comparison revealed that GARCIA-Luna had been arrested by DHS previously.

10.    As a result of the positive match of fingerprints, your Affiant was able to locate a unique alien registration file (A 201 030 739) relating to GARCIA-Luna.

11.    GARCIA-Luna's alien registration file contains photographs, fingerprints and immigration documents identifying him as a citizen and national of Mexico who was removed from the United States to Mexico, on November 25, 2010, pursuant to an expedited removal order on November 24, 2010, in Nogales, AZ.

12.    A search of DHS indices failed to produce any current record of an application for lawful entry or lawful admission into the United States on behalf of GARCIA-Luna.

13.    Affiant believes there is probable cause that GARCIA-Luna is in violation of 8 United States Code, Section 1326(a), an alien who is found in the United States after having been removed and who had departed while an order of removal was outstanding and unlawfully re-entered without having obtained the consent of the Secretary of Homeland Security to reapply for admission to the United States.

Affiant states that all statements contained in this affidavit are true and correct to the best of his knowledge.

_____
Anthony P. Gayden, Deportation Officer
Immigration and Customs Enforcement
Affiant


Sworn to before me by telephone or other reliable electronic means:

Date:  June 16, 2026

City and State: Omaha, Nebraska

_____
Ryan C. Carson, U.S. Magistrate Judge

2